# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CARMEILA NOLAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 09-805-CV-C-FJG |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner, Social Security | ) |
| Administration | ) |
| | ) |
| Defendant. | ) |

# ORDER

This is a proceeding under Title II of the Social Security Act and for supplemental security income benefits under Title XVI. 42 U.S.C. §§ 401 et seq. and 1381 et seq. Plaintiff's application for benefits was denied initially. Thereafter, plaintiff requested an administrative hearing. On June 1, 2009, the ALJ rendered a decision finding that plaintiff was not under a "disability" as defined under the Social Security Act. Plaintiff then requested review by the Appeals Council. On August 6, 2009, the Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments are presented in the parties' briefs and will not be repeated here.

The Eighth Circuit recently stated the standard for judicial review of an ALJ's denial of benefits:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we

consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006)(citing McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir.2000)).

Plaintiff argues that the ALJ ignored and failed to discuss evidence in the record which supported her claim. Plaintiff also argues that the ALJ erred in finding that her depression, carpal tunnel syndrome and cervical radiculopathy were not severe impairments. Finally, plaintiff argues that the ALJ did not correctly evaluate her credibility. The Court agrees that the ALJ's opinion is not supported by substantial evidence in the record. The ALJ spent only one paragraph out of his seven page opinion discussing plaintiff's medical records and he never once mentioned or discussed the opinions of plaintiff's treating physicians. Additionally, the ALJ ignored the evidence in the record of the medical expert, Dr. Aldon Karsch, who testified during the administrative hearing that the plaintiff was disabled by her fibromyalgia. (T. 41-42). The ALJ disregarded this opinion because there were no objective clinical findings to support it. However, Courts have recognized that "fibromyalgia is a chronic condition which is difficult to diagnose and may be disabling." Pirtle v. Astrue, 479 F.3d 931, 935 (8th Cir.2007)(citing Garza v. Barnhart, 397 F.3d 1087,1089 (8th Cir. 2005)). "Fibromyalgia has long been recognized by the courts as an elusive diagnosis; its 'cause or causes are unknown, there's no cure, and, of greatest importance to disability law, it's symptoms are entirely subjective.'" Waters v. Astrue, No. 2:09CV28DDN, 2010

2

WL 2522702, *8 (E.D.Mo. June 16, 2010) (citing <u>Tilley v. Astrue</u>, 580 F.3d 675, 681 (8th Cir. 2009)). The ALJ erred in rejecting plaintiff's diagnosis of fibromyalgia simply because there were no objective clinical findings to support it.

Additionally, the Court also finds that the ALJ erred in analyzing plaintiff's credibility. In assessing plaintiff's credibility, the ALJ is required to apply the five factors outlined by the Court in <u>Polaski v. Heckler</u>, 739 F.2d 1320 (8th Cir.1984): "(1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions." <u>Id</u>. at 1322.

> The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. . . . As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. . . . The ALJ, however, cannot discount Plaintiff's subjective complaints solely because the objective medical evidence does not fully support them [the subjective complaints.]

<u>Qualls v. Astrue</u>, No. 2:09-CV-02026, 2010 WL 1038566, *3 (W.D.Ark. Mar. 1, 2010)(internal citations and quotations omitted). The ALJ in his opinion did not mention the <u>Polaski</u> factors and he only briefly mentioned that plaintiff had no significant side effects from her medication, despite evidence to the contrary in the record. However, the ALJ did not discuss or analyze any of the other <u>Polaski</u> factors. Therefore, on remand the ALJ should conduct a proper credibility evaluation as well.

The Court also finds that the ALJ improperly substituted his person opinion for the factual evidence in the record. The ALJ stated that "while claimant has a fairly good work history, she has convinced herself that she cannot work and she may not be highly

3

motivated to seek employment." (T. 12). The ALJ does not cite to any evidence supporting this statement. Rather, plaintiff's work record reveals that plaintiff began working in 1981 and with the exception of one year, worked consistently until 2004.

Plaintiff asks that the Court reverse this decision and award her benefits. Rather, the Court finds that the appropriate course is to reverse and remand and allow the ALJ an opportunity to correct these errors.

Accordingly, it is hereby **ORDERED** that plaintiff's motion to reverse the final decision of the ALJ is hereby **GRANTED** (Doc. # 11) and the decision of the Commissioner is hereby **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).


Date: 03/10/11  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge